Dear Senator Mathewson:
This letter is in response to your request for our opinion as follows:
 What is the definition of the term "ambulance association"?
 Can private ambulance companies be included in the term "ambulance association" under Mo. statute 307.175?
In the statement of facts accompanying your request you state:
 The owner of an ambulance company wants to provide permits to his people to use blue lights and sirens when they are enroute in their private vehicles to pick up an ambulance for a run, should the need ever arise.
Section 307.175, RSMo Supp. 1982, provides in pertinent part:
 Motor vehicles and equipment which are operated by any member of an organized fire department, ambulance association, or rescue squad, whether paid or volunteer, may be operated on streets and highways in this state as an emergency vehicle under the provisions of section 304.022, RSMo, while responding to a fire call or ambulance call or at the scene of a fire call or ambulance call and while using or sounding a warning siren and while using or displaying thereon fixed, flashing or rotating blue lights, but sirens and blue lights shall be used only in bona fide emergencies. . . .
It is our purpose to examine Section 307.175 in such a way as to glean the intent of the legislature. As you are aware, the General Assembly did not provide a definition of the phrase "ambulance association" in Chapter 307.175. In the absence of a statutory definition, we are required to assign the words and phrases used their plain, ordinary meaning. State ex rel. C.C.G. ManagementCorp. v. City of Overland, 624 S.W.2d 50 (Mo.App. 1981).
Webster's New International Dictionary (2nd Edition, 1935) defines an association as "[a] union of persons in a society for some particular purpose." Similarly, the word "company" is defined as "[a]n association of persons for a joint purpose or performance."Id. at 543. Thus, while the word "association" is not a term of art and lacks the necessary precision to give a clear indication of the legislature's intention, we believe that for purposes of Section 307.175, an ambulance association includes both public and private organizations organized to provide ambulance service and permitted by the state to do so. This holding is consistent with our Opinion Letter No. 90-81, Patterson, 1981, in which we stated:
 It is our view that the term "ambulance association" as used in § 307.175 [RSMo 1978] should not be given a meaning which would be unduly restrictive . . . . The term "association" is often used in a generic or general sense, and it is our view that it should be given a general meaning . . . .
Your statement of facts presents a second question, namely, whether travel to pick up an ambulance by an employee of an ambulance company is "responding to . . . [an] ambulance call" for purposes of Section 307.175. We believe that travel to pick up an ambulance in response to a call for an ambulance is consistent with, and a necessary precondition to, an ability to respond to such a call. See City of Canton v. Snyder, 151 N.E.2d 15 (Ohio 1958). Thus, we believe that the use of sirens and flashing blue lights by permitted employees while enroute to pick up an ambulance in response to a bona fide emergency is authorized by Section307.175.
In conclusion we note the following legislative caveat: Section 307.175 expressly provides:
 Permit to use a siren or lights as heretofore set out does not relieve the operator of the vehicle so equipped with complying with all other traffic laws and regulations. . . . [Emphasis added.]
Clearly, persons permitted to display flashing blue lights and sound a siren in responding to a bona fide ambulance call may not ignore posted speed limits, traffic control signs and devices, or other traffic laws and regulations.
Very truly yours,
 JOHN ASHCROFT Attorney General